UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AMON FREEMAN, | ) | |
| a/k/a AMON JAH AL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-336-AGF |
| | ) | |
| HERBERT BERNSEN, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner Amon Freeman's pro se application for writ of habeas corpus pursuant to 28 U.S.C. ' 2241. For the reasons set forth below, the Court will deny and dismiss the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**The Petition**

Amon Freeman, a pretrial detainee at the St. Louis County Justice Center, seeks his immediate release from custody on sovereign immunity grounds. Petitioner maintains that he is immune from prosecution for violating any federal or state laws because, as a free Sovereign Moorish-American "inhabitant of Northwest Amexem near Missouri, a Republic," he is not subject to state or federal jurisdiction.

1

Despite his representations that he was born in the United States, petitioner asserts that he is under the exclusive jurisdiction of the Moorish Nation, submissive only to the Moorish Holy Temple of Science, the Moorish Science Temple of America Divine Constitution and By-laws, and the Zodiac Constitution. Thus, petitioner believes that when he was taken into custody, he was "kidnapped (unlawfully arrested)." He also believes that he is "being held hostage for profit by the public servants of the State of Missouri."

## Discussion

"It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.2006) (citation and internal quotation marks omitted) (emphasis in original). Nevertheless, "if it plainly appears [that] petitioner is not entitled to relief in the district court," the Court must dismiss the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, as made applicable to ' 2241 habeas petitions by Rule 1(b) thereof.

Fatal to petitioner's assertion of immunity is the United States' non-recognition of the Moorish Nation as a sovereign state. *See Benton-El v. Odom*, 2007 WL 1812615, at *6 (M.D.Ga. June 19, 2007); *Osiris v. Brown*, 2005

WL 2044904, at *2 (D.N.J. Aug. 24, 2005); *Khattab El v. United States Justice Dept.*, 1988 WL 5117, at *2 (E.D.Pa. Jan. 22, 1988); *see also*, *We the People Beys and Els v. State of New York*, 165 F.3d 16, 1998 WL 801875, at *1 (2d Cir. Nov. 12, 1998) (unpublished opinion). Simply stated, petitioner cannot unilaterally bestow sovereign immunity upon himself. *See United States v. Lumumba*, 741 F.2d 12, 15 (2d Cir.1984). Furthermore, petitioner's purported status as a Moorish-American citizen does not enable him to violate state and federal laws without consequence.[1]

For these reasons, petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. ' 2241 will be denied and dismissed. Additionally, because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. ' 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-85 (2000).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner=s application for writ of habeas corpus pursuant to 28 U.S.C. ' 2241 is **DENIED AND DISMISSED**.

---

[1] Although petitioner does not claim to have made a formal renunciation of nationality, it would be of no import if he has, in fact, done so. Those who have voluntarily relinquished their citizenship, like other aliens, must obey federal and applicable state laws, just as native-born and naturalized citizens are required to do. *See Osiris v. Brown*, 2005 WL 2044904, at *2 (D.N.J. Aug. 24, 2005); *Khattab El v. United States Justice Dept.*, 1988 WL 5117, at *2 (E.D.Pa. Jan. 22, 1988).

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 2nd day of April, 2014.

_____
UNITED STATES DISTRICT JUDGE